IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILLARD GUTTER COMPANY, a Corporation d/b/a MILLARD ROOFING AND GUTTER,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL CASUALTY, a/k/a CNA, a/k/a or d/b/a CONTINENTAL CASUALTY COMPANY,<br><br>Defendant. | 8:18-CV-527<br><br>MEMORANDUM AND ORDER |

There are two insurance policies at the center of the parties' dispute. Filing 1 at 5. The first policy is owned by David Schroeder, and the second policy is owned by Midwest Screw Products. Filing 1 at 5. Claims under both of those policies were assigned to the plaintiff, Millard Gutter Company, following a series of hail storms in Nebraska. Filing 1 at 5.

Millard Gutter alleges that under the Schroeder and Midwest Screw policies, the defendant, Continental Casualty, is obligated to indemnify Millard Gutter for losses sustained as a result of the hail storms. *See* filing 1 at 5. But according to Millard Gutter, Continental Casualty has failed to do so. Filing 1 at 6. So, Millard Gutter sued Continental Casualty for breach of contract. Filing 1 at 7.

Continental Casualty moves to dismiss that claim. Filing 5 at 1. For the reasons explained below, the Court will grant that motion in part and deny it in part.

## STANDARD OF REVIEW

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.*

And to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

Continental Casualty claims that Millard Gutter's complaint must be dismissed because Continental Casualty is not a party to either insurance policy involved in this dispute. Filing 7 at 3-5. In support of that contention, Continental Casualty points out that, at least under the Midwest Screw policy, the insurance coverage is provided by "NATIONAL FIRE INSURANCE COMPANY OF HARTFORD." Filing 6-2 at 5; 155. In light of this, Continental

Casualty argues that National Fire, not Continental Casualty, is obligated, if at all, to indemnify Millard Gutter for its losses. *See* filing 6-2 at 5; 155.

Millard Gutter does not dispute the fact that the insurance coverage under the Midwest Screw policy was provided by National Fire. Filing 9 at 3. Instead, Millard Gutter claims that the insurance policy is not embraced by the pleadings, and as such, the Court should disregard that language at this stage of the proceedings. Filing 9 at 2-3. Although it is true that if the Court considers matters outside the pleadings, the motion to dismiss must be converted to one for summary judgment. Fed. R. Civ. P. 12(d). It is also true that the Court may consider exhibits attached to the complaint and materials that are necessarily embraced by the pleadings without converting the motion. *Mattes*, 323 F.3d at 697 n.4. Documents necessarily embraced by the pleadings include those whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012).

In this case, the language of the Midwest Screw's insurance policy is clearly embraced by the pleadings. Millard Gutter's complaint explicitly alleges that Midwest Screw assigned the benefits of its insurance policy to Millard Gutter. Filing 1 at 5. And under the terms of that policy, Millard Gutter claims that Continental Casualty "has a contractual obligation to pay the full amount of the losses, including the cost to repair, restore or replace the damages, less the applicable deductible" to Millard Gutter. Filing 1 at 7. The complaint also acknowledges that "Millard Roofing's claim arises pursuant to an instrument in writing"—*i.e.*, the language of the policies. *See* filing 1 at 8. So, contrary to Millard Gutter's contention, the policies are necessarily embraced by the pleadings, and the Court may consider those policies when

deciding whether Millard Gutter has sufficiently stated a breach of contract claim.[1]

That brings the Court to the merits of Continental Casualty's argument: Millard Gutter cannot, as a matter of law, state a contract claim against Continental Casualty. Filing 5 at 1. To state a cause of action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty. *Henriksen v. Gleason*, 643 N.W.2d 652 (Neb. 2002).

Here, Millard Gutter's allegations under the Midwest Screw policy fail to state a breach of contract claim. Indeed, as the Court noted above, under the plain language of that policy, that coverage is provided by National Fire Insurance—not Continental Casualty. Filing 6-2 at 103. And Continental Casualty cannot breach an agreement for insurance coverage that it did not provide. Filing 6-2 at 103. The Court is also not persuaded by Millard Gutter's contention that even if Continental Casualty did not issue the Midwest Screw policy, Continental Casualty is still a party to that agreement.

According to Millard Gutter, the existence of the letters "CNA"—which appear at the top of several pages of the Midwest Screw policy, *see* filing 6-2 at 4-6; 24; 26; 29; 69-70; 86; 91-93; 101-103; 128; 130; 140-142—are actually references to Continental Casualty. Filing 9 at 5-7. But as Continental Casualty points out, "CNA" is a service mark owned by a different entity: CNA Financial Corporation. Filing 12-1 at 1; *see Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (public records may be considered in deciding Rule 12(b)(6) motion);

---

[1] Despite its argument that the Court may not consider any information outside the complaint, Millard Gutter also asked the Court to consider various correspondence between the parties. *See* filing 10-1 at 4-17. The Court did not, and will not, consider that evidence on a motion to dismiss.

*Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006). And nothing in Continental Casualty's complaint alleges that CNA Financial Corporation might be connected to, or affiliated with, Continental Casualty. *See* filing 1 at 5-9. Thus, the Court will grant Continental Casualty's motion to dismiss under the Midwest Screw policy.

Even so, that does not, as Continental Casualty suggests, support the conclusion that Millard Gutter's complaint should be dismissed in its entirety. Continental Casualty provides the Court with no argument as to why, in its view, Millard Gutter's allegations under the Schroeder policy fail to state a claim for relief. *See* filing 1 at 5. Nor is the Schroeder policy attached to the parties' briefing. Filing 6-2 at 1. And on the face of the operative complaint, Millard Gutter's allegations state a breach of contract claim. *Henriksen*, 643 N.W.2d at 652. Accordingly, the Court will deny Continental Casualty's motion to dismiss Millard Gutter's claim under the Schroeder policy.

As a final matter, Millard Gutter's briefing suggests that there might be some sort of relationship between Continental Casualty and National Fire Insurance or that Continental Casualty and National Fire Insurance might actually be alter egos of one another. *See* filing 9 at 4. Based on this suspicion, Millard Gutter contends that it "needs a reasonable opportunity to conduct discovery" relating to the parties' relationship. Filing 9 at 5. The scope of discovery is, however, a question that should first be presented to the Magistrate Judge. NECivR 72.1(b); *see also Sikora v. Nat'l Indem. Co.*, No. 8:13-CV-68, 2013 WL 5524551, at *2 (D. Neb. Oct. 4, 2013), *Case v. Platte County*, No. 8:03-CV-160, 2004 WL 1774117, at *1 (D. Neb. July 21, 2004); *Hajek v. Kumho Tire Co.*, No. 4:08-CV-3157, 2010 WL 1292447, at *2 (D. Neb. Mar. 30, 2010); *Bennie v. Munn*, 4:11-CV-3089, 2013 WL 4761383, at *2 (D. Neb. Sept. 4, 2013). And to the extent that Millard Gutter would like to amend

its complaint, that too, should be taken up with the Magistrate Judge. NECivR 72.1(b); Fed. R. Civ. P. 15. Accordingly, the Court will deny Millard Gutter's request at this time without prejudice to reassertion.

IT IS ORDERED:

1. Continental Casualty's motion to dismiss (filing 5) is granted in part and denied in part as set forth above.

2. This case is referred to the Magistrate Judge for case progression.

Dated this 15th day of May, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge